Eastern District of Kentucky
**FILED**

MAY 21 2021

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

CRIMINAL ACTION NO. 3:21-cr-10-01-GFVT

UNITED STATES OF AMERICA                                   PLAINTIFF

V.                          **PLEA AGREEMENT**

JOSHUA JAMES MOORE                                          DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1 and 2 of the Information. Count 1 charges a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm and explosive devices. Count 2 charges a violation of 18 U.S.C. § 2252(a)(2), knowing receipt of a visual depiction of a minor engaged in sexually explicit conduct. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss the Indictment in case no. 3:20-CR-10-GFVT.

2. The essential elements of Count 1 are:

   (a) That the Defendant has been convicted of a crime punishable by imprisonment for more than one year;

   (b) That the Defendant, following his conviction, knowingly possessed a firearm and explosive devices as specified in the Information;

   (c) That at the time the Defendant possessed the firearm and explosive devices, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

   (d) That the specified firearm and explosive devices, or component thereof, crossed a state line prior to the possession.

3. The essential elements of Count 2 are:

    (a)    The Defendant knowingly received a visual depiction;

    (b)    The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

    (c)    The visual depiction was of a minor engaging in sexually explicit conduct;

    (d)    The Defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct.

4. The United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits that these facts are true:

    (a)    The Defendant has at least two prior convictions for crimes punishable by imprisonment for more than one year: (1) a conviction for cultivation of five or more marijuana plants, first offense, on or about January 24, 2018; and (2) a conviction for possession of methamphetamine, first offense, on or about January 24, 2018.

    (b)    Beginning on an unknown date, and continuing through on or about February 29, 2020, following at least two convictions for crimes punishable by imprisonment for more than one year, the Defendant knowingly possessed in Franklin County, in the Eastern District of Kentucky, three firearms, to wit, a Companhia Brasileira de Cartuchos, Model SB, 20 gauge sawed-off shotgun, serial number C1292777, and two explosive pipe bombs. The Defendant made both pipe bombs. At the time of possession, the Defendant knew he had been convicted of a crime(s) punishable by imprisonment for more than one year, as noted above.

    (c)    The sawed-off shotgun was not manufactured in Kentucky, meaning that it traveled in interstate or foreign commerce and crossed a state line to reach Kentucky. This firearm functioned when test fired. Components of the two pipe bombs were manufactured outside of Kentucky, meaning that they traveled in interstate or foreign commerce and crossed a state line to reach Kentucky. Tests and lab results confirmed that the two pipe bombs would function and explode if properly engaged.

2

(d) Beginning on or about January 28, 2020, and continuing through on or about February 5, 2020, the Defendant knowingly received a visual depiction of a minor engaging in sexually explicit conduct using any means or facility of interstate or foreign commerce, that is by computer over the Internet. Specifically, during this period, the Defendant, using the Tor browser, searched for and downloaded from the Internet a minimum of fifteen videos and twenty pictures depicting minors engaged in sexually explicit conduct. The Defendant admits that he knew the visual depictions that he searched for and downloaded were of minors engaged in sexually explicit conduct. The Defendant using the Internet constitutes using a means or facility of interstate or foreign commerce.

(e) The images the Defendant possessed as part of his relevant conduct included, for example, an image of a female toddler with an erect adult male penis inserted in her mouth and videos with titles such as "9yo girl vibrator cum," "Feeling3yoPussy," "Daddy With Gorgeous Little German Girl (Pleasure For Abt 5Yo)," and "12yo Bucarest Girl Bates And Lets Dog Licks Her Pink Pussy! VERY GOOD!" The Defendant's relevant conduct includes the involvement of over 600 images of child pornography. The § 2252(a)(2) offense, and all relevant conduct, occurred in Franklin County, Kentucky, in the Eastern District of Kentucky.

5. The statutory punishment for Count 1 is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. The statutory punishment for Count 2 is imprisonment for not less than 5, nor more than 20, years; a fine of not more than $250,000, and a term of supervised release of not less than 5 years nor more than life. A mandatory special assessment of $100 per Count applies, for a total of $200, which the Defendant will pay by the time of the sentencing hearing. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent defendants convicted of certain offenses, including those in Chapter 110. The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Additionally, pursuant

3

to 18 U.S.C. § 2259A, a special assessment of up to $35,000 if convicted of a trafficking in child pornography offense as defined by § 2259(c)(3), which includes offenses under 18 U.S.C. § 2252(a)(1) through (3).

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court.

    (a)    United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guidelines range.

    (b)    Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct described in ¶ 4 and the provided discovery materials, as well as all of the images of child pornography contained on his computers, cell phones, and other electronic media and accounts.

    (c)    Pursuant to U.S.S.G. § 2K2.1(a)(3), the base offense level for Count 1 is 22.

    (d)    Pursuant to U.S.S.G. § 2K2.1(b)(1)(A), increase the offense level for Count 1 by 2 because the offense involved 3 firearms.

    (e)    Pursuant to U.S.S.G. § 2K2.1(b)(3)(B), increase the offense level for Count 1 by 2 because the offense involved a destructive device other than a destructive device referred to in subdivision (A).

    (f)    Pursuant to U.S.S.G. § 2G2.2(a)(2), the base offense level for Count 2 is 22.

    (g)    Pursuant to U.S.S.G. § 2G2.2(b)(2), increase the offense level for Count 2 by 2 because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

    (h)    Pursuant to U.S.S.G. § 2G2.2(b)(4), increase the offense level for Count 2 by 4 because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence; or sexual abuse or exploitation of an infant or toddler.

  (i) Pursuant to U.S.S.G. § 2G2.2(b)(6), increase the offense level for Count 2 by 2 because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material.

  (j) Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), increase the offense level for Count 2 by 5 because the offense involved 600 or more images.

  (k) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the combined offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

  (l) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing or at a subsequent restitution hearing. The Defendant agrees to pay restitution equal to the loss caused to any victims of the offense of conviction or relevant conduct, as set forth in subsection (b) of this paragraph, including losses caused to any victims whose images were contained on his electronic media, pursuant to 18 U.S.C. §§ 2259, 3663, and 3663A. This agreement by the Defendant is applicable only for identified victims who request restitution on or before the date of the sentencing hearing.

7. The parties have been unable to reach agreement on the applicability of the following sentencing guidelines calculations:

  (a) Whether, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), to increase the offense level for Count 1 by 4 because the Defendant possessed any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.

  (b) Whether, pursuant to U.S.S.G. § 2G2.2(b)(3)(F), to increase the offense level for Count 2 by 2 because the Defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E).

  (c) Whether, under U.S.S.G. Chapter 3, Part D, Counts 1 and 2 group, and whether, pursuant to U.S.S.G. § 3D1.4, to add 1 level to the offense level applicable to the Group with the highest offense level.

8. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

10. The Defendant waives the right to appeal the guilty pleas and convictions. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty pleas, convictions, and sentence.

11. The Defendant understands that, by pleading guilty to Count 2, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under

6

18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

12. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegations of the Information and will execute any documents necessary for this forfeiture. The Defendant agrees the United States can prove the required nexus for forfeiture. The Defendant further agrees to waive any and all provisions in Rule 32.2 that relates to the timing of entry of forfeiture orders.

13. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the

provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

15. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

16. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant, and his attorney, acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

Date: 5/21/21

By: _____
Erin M. Roth
James T. Chapman
Assistant United States Attorneys

Date: 5-21-21

_____
Joshua James Moore
Defendant

Date: 5/21/21

_____
Abe Mashni
Attorney for Defendant

9